UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 06-60391-CIV-JORDAN

NEAL HARRINGTON,                )
                                )
         Appellant              )
                                )
vs.                             )
                                )
SONEET KAPILA, Trustee of South )
Stevedoring & Terminals, Inc.,  )
                                )
         Appellee               )
_____)

**ORDER DISQUALIFYING KEVIN GLEASON AS COUNSEL TO NEAL HARRINGTON**

This bankruptcy appeal is from an order of the bankruptcy court granting the bankruptcy trustee a surcharge against Neal Harrington's collateral. The parties have not yet briefed the merits of this appeal. The case is currently before the court on the trustee's motion to disqualify Kevin Gleason, Esq., as appellate counsel for Mr. Harrington. For the reasons stated below, the trustee's motion to disqualify Mr. Gleason [D.E. 15] is GRANTED.

**I. BACKGROUND**

Mr. Gleason was the former counsel for South Stevedoring & Terminals, Inc. ("South Stevedoring"), the debtor in the underlying bankruptcy case. Mr. Gleason filed a voluntary case under Chapter 11 of the Bankruptcy Code on behalf of South Stevedoring. He was retained as counsel by South Stevedoring, the debtor-in-possession, pursuant to an August, 28, 2003, order of the bankruptcy court.

Thereafter, South Stevedoring, through Mr. Gleason, moved to convert its bankruptcy case from Chapter 11 to Chapter 7. On August 18, 2004, the bankruptcy court granted South Stevedoring's motion to convert, and appointed Soneet Kapila as the Chapter 7 trustee. Thereafter, the trustee retained Berger Singerman P.A. as his counsel.

Neal Harrington is the 60% shareholder and a secured creditor of the estate of South Stevedoring. On February 3, 2006, the bankruptcy court entered an order approving a surcharge by the trustee against Mr. Harrington's collateral (the "surcharge order"). On February 13, 2006, Mr.

Harrington, represented by Mr. Gleason for the first time, filed a notice of appeal from the surcharge order.

The trustee did not consent to Mr. Gleason's representation of Mr. Harrington in this appeal. Accordingly, the trustee filed a motion in the bankruptcy court seeking to disqualify Mr. Gleason, arguing that his representation violated Rule 4-1.9 of the Florida Rules of Professional Responsibility. On May 17, 2006, the bankruptcy court entered an order disqualifying Mr. Gleason. The bankruptcy court determined that Mr. Gleason's representation of Mr. Harrington in the appeal of the surcharge order violated Rule 4-1.9 because Mr. Gleason had formerly represented the debtor-in-possession under Chapter 11, which was essentially the same as the trustee under Chapter 7.

Mr. Harrington appealed the disqualification order to this court. In that separate appeal, Case No. 06-61077-Civ-Jordan, I reversed the bankruptcy court's order disqualifying Mr. Gleason because the bankruptcy court did not have jurisdiction to disqualify Mr. Gleason for purposes of the appeal. I specifically explained that my ruling was based on a narrow issue of jurisdiction and I recognized that my ruling would require me to address the merits of the disqualification issue in the appeal of the surcharge order. The trustee has now raised the issue of Mr. Gleason's disqualification in this appeal of the surcharge order.

## II. DISCUSSION

Mr. Harrington argues that there is no conflict with Mr. Gleason's representation against the trustee because Mr. Gleason formerly represented the debtor-in-possession, and did not have an attorney-client relationship with "the estate." I disagree.

When a bankruptcy case is filed, an estate is created and a trustee is generally appointed as the representative of the estate. *See* 11 U.S.C. §§ 323, 541(a). However, when a Chapter 11 case is commenced, the estate continues to be managed by the debtor, as a debtor-in-possession. Accordingly, the debtor-in-possession has "all the rights . . . and powers, and shall perform all the functions and duties . . . of a [Chapter 11] trustee." 11 U.S.C. § 1107(a). "Because a debtor in possession is empowered to perform the duties of a trustee, a debtor in possession is a fiduciary [of the estate and its constituents] as is the attorney for the debtor in possession." *In re Rivers*, 167 B.R. 288, 300 (Bankr. N.D. Ga. 1994) (internal citations omitted). *See also* Order Disqualifying Kevin C. Gleason at 6-7, Case No. 03-25110-BKC (citing several additional cases that stand for the

proposition that an attorney who represents a debtor-in-possession is a fiduciary of the estate akin to an attorney for the trustee). Therefore, as counsel for the debtor-in-possession, Mr. Gleason's fiduciary duties ran to the South Stevedoring estate, and his ultimate client was the estate.

When South Stevedoring moved to convert from Chapter 11 to Chapter 7, the trustee replaced the debtor-in-possession as the manager of the estate, and the trustee became a fiduciary for the estate. Under these circumstances, the Chapter 7 estate administered by the trustee is essentially the same "client" as the Chapter 11 estate managed by the debtor-in-possession.

Mr. Gleason's obligations to the debtor-in-possession (now the Chapter 7 estate) do not end when his representation is complete. "After termination of a client-lawyer relationship, a lawyer may not represent another client except in conformity with [Rule 4-1.9.]" R. Regulating Fla. Bar 4-1.9 cmt. Thus, whether Mr. Gleason can represent Mr. Harrington in this appeal is governed by Rule 4-1.9, which provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter . . . [r]epresent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation;[1]

"Whether two legal matters are substantially related depends upon the specific facts of each particular situation or transaction." *The Florida Bar v. Dunagan*, 731 So.2d 1237, 1240 (Fla. 1999). Furthermore, "[w]hen a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests clearly is prohibited." *Id.* (citing R. Regulating Fla. Bar 4-1.9 cmt.)

In this appeal, Mr. Gleason seeks to represent Mr. Harrington in litigation materially adverse to the estate-- Mr. Harrington is appealing an award of $125,000 against his collateral and in favor of the trustee, as representative of the estate. Any benefit incurred by the trustee in this litigation belongs to the estate. Thus, Mr. Gleason seeks to represent Mr. Harrington in litigation aimed at

---

[1] The Florida Rules of Professional Conduct were amended effective May 22, 2006. The slightly amended Rule 4-1.9 now provides: "A lawyer who has formerly represented a client in a matter shall not thereafter:. . . represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent."

depleting the assets of the estate-- an interest directly and materially adverse to the interests of the estate.

Moreover, the issue on appeal was specifically within the realm of Mr. Gleason's responsibilities as general bankruptcy counsel for the estate. As explained by the bankruptcy court:

> [Mr.] Gleason was [previously] the general bankruptcy counsel for the estate . . . As general bankruptcy counsel for the debtor-in-possession, . . . the entity that oversaw the interests of the estate, one of [Mr.] Gleason's central fiduciary duties was to maximize the ultimate assets of the estate by, among other things, defending the estate from unworthy creditor attempts to deplete it. Now, [Mr.] Gleason's representation of [Mr.] Harrington is designed to help a creditor do that very thing– deplete the assets of the estate that would otherwise be available to satisfy the claims against it.

Therefore, given the broad scope of Mr. Gleason's representation of South Stevedoring in the bankruptcy case, his representation of Mr. Harrington in this appeal "clearly is prohibited" by Rule 4-1.9.

### III. CONCLUSION

The trustee's motion is GRANTED. Mr. Gleason is disqualified from representing Mr. Harrington in this appeal. Mr. Harrington has 45 days from the date of entry of this order to obtain new counsel and to file his initial brief in this case.

DONE and ORDERED in chambers in Miami, Florida, this 30th day of November, 2006.

_____
Adalberto Jordán
United States District Judge

Copy to:    All counsel of record
            Bankruptcy Judge Ray